UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID MARX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13831** |
| **LOUISIANA STATE POLICE, ET AL.** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is a **Motion for Leave to File Exhibits (Rec. Doc. No. 5)** filed by the *pro se* plaintiff, David Marx, in connection with his 42 U.S.C. §1983 civil rights complaint. The plaintiff seeks leave to amend his complaint with exhibits which are copies of letters he received from state officials regarding his search for DNA samples related to his criminal conviction.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." *Id*. This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) and (d) evince a liberal policy and a motion to amend or supplement should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend or supplement is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion to amend or supplement lies within the sound discretion of the trial court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave should be denied when doing so is required for fairness to the party opposing the motion. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

Under a broad reading, Marx's complaint asserts that he is entitled under state law to test DNA samples related to his criminal case and has been stymied in his efforts by the State's "lethargy" and failure to provide him due process. The letters he seeks to add as exhibits to his complaint appear to memorialize the recent responses he has received to his requests to obtain DNA information related to his criminal case.

As Marx efforts do not appear intended to unnecessarily delay the proceedings or prejudice the defense, should a response later be required. As such, the Court good cause to allow the exhibits to be added to the complaint in this matter. Accordingly,

**IT IS ORDERED** that Jones's **Motion for Leave to File Exhibits (Rec. Doc. No. 5)** is **GRANTED** and the letters attached to Rec. Doc. No. 5 will be considered as exhibits to the complaint.

New Orleans, Louisiana this  13th  day of December, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**