## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID MARX**                                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 16-13831**

**LOUISIANA STATE POLICE**                                        **SECTION "H"(4)**
**OFFICIALS, LOUISIANA**
**ATTORNEY GENERAL, ORLEANS**
**PARISH OFFICIALS, CITY**
**OFFICIALS OF NEW ORLEANS, LA.**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2)**, and **§ 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

The plaintiff, David Marx ("Marx"), is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[1]  Marx filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the Louisiana State Police Officials, Louisiana Attorney General, Orleans Parish Officials, and City Officials of New Orleans seeking prospective injunctive relief.  Specifically, Marx seeks an order requiring the defendants to allow him to test at his own expense undisclosed DNA evidence from his criminal proceedings. Under the broadest reading, Marx contends that he has complied with La. Code Crim. P. art. 926.1

---

[1]Rec. Doc. No. 1.

through his appeal under La. S. Ct. Writ No. 2015-KH-0856, and is entitled to conduct the testing without further delay by the defendants.

Having researched the referenced writ number, the Court has determined that Marx was convicted in Orleans Parish for the second degree murder of his wife, and that conviction was affirmed on direct appeal. *State v. Marx*, 163 So.3d 44 (La. App. 4th Cir. 2015). Among the many claims addressed by the Louisiana Fourth Circuit, Marx asserted pro se that he was denied his due process rights because the evidence was insufficient to convict him. *Id*., at 58. Marx based his claims on the testimony of New Orleans Detective Barrett Morton who testified that he seized a door knob from the crime scene at the Marx's home to eventually test for possible DNA, and Marx argued that this testimony was false and misleading. In finding the claim to be without merit, the state appellate court resolved that no DNA evidence was admitted at trial presumably because no DNA testing was ever conducted or necessary after Marx confessed to the murder. *Id*. The Louisiana Supreme Court denied Marx's related, counsel-filed writ application. *State v. Marx*, 190 So.3d 1195 (La. 2016). The Court also declined to consider Marx's pro se writ application No. 2015-KH-0856, finding that it was untimely filed under La. S. Ct. R. X§5. *State ex rel. Marx v. State*, 188 So.3d 1064 (La.), *recon. denied*, 191 So.3d 1034 (La. 2016).

## II.     Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte*

dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

Marx seeks relief in this Court to compel the defendants to allow him to test DNA evidence from his criminal trial and asserts his entitlement to this based on his compliance with La. Code Crim. P. art. 926.1. He seeks prospective injunctive relief in the form of an order directing the defendants to allow the testing.[2] For the following reasons, the plaintiff's allegations are frivolous and otherwise fail to state a claim for which relief can be granted.

---

[2] The Supreme Court recognizes an exception to the doctrine where the Eleventh Amendment does not protect a state official from claims for prospective injunctive relief, when it is alleged that the state officials are acting in violation of federal law. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). Thus, while declaratory and prospective injunctive relief cannot be pursued against the State in federal court, it can be pursued against state officials sued in an official capacity. To meet this exception in its application to a § 1983 suit, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be

To recover under § 1983, a plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).  Marx has not presented a violation of a constitutional right for this Court to consider.

The law does not recognize a free-standing substantive due process right to post-conviction DNA testing. *See Dist. Atty.'s Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72-73 (2009). Instead, the courts have recognized only that, where a state has provided a procedural mechanism for pursuing post-conviction forensic testing of DNA evidence, the procedure must comport with procedural due process and must provide litigants with a fair opportunity to assert their state-created right.  *Elam v. Lykos*, 470 F. App'x 275, 276 (5th Cir. 2012) (citing *Skinner v. Switzer*, 562 U.S. 521 (2011) ("While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing," state-created procedures to do so "must be adequate to protect the substantive right provided."); *Osborne*, 557 U.S. at 69.  An inmate can pursue § 1983 relief only when the state created procedure is inadequate to protect his procedural due process rights. *Osborne*, 557 U.S. at 69; *Harris v. Lykos*, 556 F. App'x 351 (5th Cir. 2014).

As recognized by Marx, the State of Louisiana has created a procedural mechanism for obtaining post-trial forensic DNA testing of evidence gathered and/or utilized during criminal proceedings.  *See* La. Code Crim. P. art. 926.1.  Marx does not complain that the proscribed procedure under Article 926.1 is unconstitutional or that the procedure in any way denied him due process, a required basis for a § 1983 claim of this sort.  He instead simply seeks to enforce his

---

declaratory or injunctive in nature and prospective in effect.  *See Saltz v. Tenn. Dept. of Emplt. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).  Marx alleges he is entitled to prospective injunctive relief which would require the Court to consider whether he has met the initial burden of overcoming the Eleventh Amendment immunity bar under *Ex Parte Young* to bring this action against Louisiana State Police Officials and the Louisiana Attorney General.  However, for the reasons that follow, Marx has failed to present a non-frivolous, cognizable constitutional claim.  His claims seeking injunctive relief therefore fail to meet the *Ex Parte Young* exception.

right to testing under that statute.  However, the record does not reflect that he has utilized the procedure to allow the state courts to consider his request in a procedurally proper manner.

To initiate this process, the state law requires that a person like Marx who was convicted of a felony may, on or before August 31, 2019, file an application for post-conviction relief requesting DNA testing on an unknown sample secured relative to the offense for which he was convicted.  La. Code Crim. P. art. 926.1(A)(1).  The application must comply *inter alia* with the form rules for a post-conviction application under La. Code Crim. P. art. 926 and specifically present "(1) A factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner.  (2) The factual circumstances establishing the timeliness of the application.  (3) The identification of the particular evidence for which DNA testing is sought.  (4) That the applicant is factually innocent of the crime for which he was convicted, in the form of an affidavit signed by the petitioner under penalty of perjury." La. Code Crim. P. art. 926.1(B).

Although Marx invokes this provision, he has not engaged in or followed the procedure required by the state courts.  Marx does not allege and has presented nothing to establish that he filed an application for post-conviction relief on the issue of DNA testing in compliance with the specific procedure set forth in Article 926.1.  Instead, under a broad reading, he appears to equate or rely on the completion of his direct appeal, which in no way complies with the mandates of Article 926.1.  Furthermore, the only reference to DNA testing asserted on direct appeal was Marx's unsuccessful challenge to Detective Morton's testimony under the Sixth Amendment as a denial of his confrontation rights and under the Fourteenth Amendment as a claim of insufficient evidence.  Those arguments did not address the required factual information necessary under La.

Code Crim. P. art. 926.1, nor were they presented in a post-conviction application in conformity with La. Code Crim. P. arts. 926 or 926.1.

Pursuant to federal law, Marx is required to first follow the state procedure and, only upon denial of relief would he be entitled to pursue additional remedies in federal court. *See Emerson v. Thaler*, 544 F. App'x 325, 328 (5th Cir. 2013) (plaintiff fails to state a claim under § 1983 when fails to alleged that he took any action to obtain a disposition from the state courts on an application for DNA testing); *see also*, *Luckett v. Cain*, No. , 2015 WL 3883688, at *4 (M.D. La. Jun. 23, 2015) (Order adopting Report and Recommendation) (the plaintiff "has not alleged that he has attempted to utilize any judicial procedures authorized by the State of Louisiana for obtaining post-trial forensic [DNA testing], has failed to state a claim of the violation of his procedural due process rights."). Marx has failed to properly pursue post-conviction relief in the state courts under La. Code Crim. P. art. 926.1, and therefore has no cognizable § 1983 claim at this time related to request for post-conviction DNA testing.

For the foregoing reasons, Marx has failed to state a non-frivolous claim which would entitle him to relief under § 1983 and his claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), § 1997A and 42 U.S.C. § 1997A. *See Emerson*, 544 F. App'x at 326, 329 (affirming the dismissal with prejudice as frivolous where plaintiff failed to follow state process for seeking post-conviction DNA testing).

## IV.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Marx's § 1983 claims against the defendants, Louisiana State Police Officials, Louisiana Attorney General, Orleans Parish Officials, and City Officials of New Orleans, Louisiana, be **DISMISSED WITH PREJUDICE** as frivolous and

otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 20th day of December, 2016.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.   Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.